## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 3225 | DATE | 8/5/2002 |
| CASE TITLE | JEAN HUMMELL vs. YELLOW FREIGHT SYSTEMS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion (4-1) to remand is granted. The case is remanded to the Circuit Court of Cook County, Law Division.**
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | 3 number of notices | |
| | Notices mailed by judge's staff. | AUG 13 2002 | |
| | Notified counsel by telephone. | date docketed | 9 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | AUG 13 2002 | |
| | | date mailed notice | |
| DW | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JEAN HUMMELL,

　　Plaintiff,

　　v.

YELLOW FREIGHT SYSTEMS, INC.,

　　Defendant.

No. 02 C 3225
Judge James B. Zagel

AUG 13 2002

## MEMORANDUM OPINION AND ORDER

After plaintiff Jean Hummell settled a personal injury claim arising out of a car accident with defendant Yellow Freight Systems, Inc. for the sum of $150,000, an issue remained as to a claim for reimbursement of the defendant/counter-plaintiff Administrative Committee of the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (the "Plan") for medical benefits the Plan previously paid in the amount of $16,698.10.

The Plan contains a reimbursement/subrogation provision that requires Ms. Hummell to reimburse the Plan to the extent of medical benefits paid, when she makes a recovery from a responsible third party. At issue is a provision that states that there will be no reduction of the Plan's lien for attorney's fees and that Ms. Hummell must reimburse the Plan regardless of whether she was made whole by the third-party recovery. Ms. Hummell sought in state court to reduce the Plan's claim for reimbursement pursuant to the Illinois Common Fund Doctrine. The Plan removed the action to this Court and now Ms. Hummell seeks remand. Ms. Hummell argues that what remains of her claim is a straight-forward state claim based on the Illinois Common Fund Doctrine. The Plan opposes remand on the theory that Ms. Hummell's claim is

completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 101 *et seq.* ("ERISA").

Section 1441(c)[1] of Title 28 of the United States Code permits removal by a defendant from state court to federal court "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action . . . ." 28 U.S.C. § 1441(c). Section 1331 of Title 28 of the United States Code confers federal question jurisdiction over cases that "arise under the Constitution, laws, or treaties of the United States." Ordinarily, a court decides whether federal question jurisdiction exists by examining whether the plaintiff's well-pleaded complaint contains issues of federal law. *Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir. 1995) (citation omitted). A corollary to the well-pleaded complaint rule, however, is that Congress may so completely preempt a specific area that any complaint raising this group of claims is federal in character and creates federal question jurisdiction. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 95 L. Ed. 2d 55, 107 S. Ct. 1542 (1987) (citation omitted).

The United States Supreme Court has found that Congress showed an intent to make causes of action within the scope of ERISA's Section 502(a), 29 U.S.C. § 1132, civil enforcement provisions removable to federal court under the doctrine of complete preemption. *Id.* at 66. Three factors are examined to determine whether the doctrine of "complete preemption" applies: whether the plaintiff is eligible to bring a claim under that section, whether the plaintiff's cause

---

[1] Although it was unclear from its removal petition on what subsection of 28 U.S.C. §1441 the Plan relied, in its Response the Plan clarified that it sought removal pursuant to 28 U.S.C. §1441(c), an argument likely based in part on the fact that Ms. Hummell is correct that removal pursuant to subsection (b) would be explicitly foreclosed by the Seventh Circuit's decisions in *Speciale v. Seybold*, 147 F.3d 612 (7th Cir. 1998) and *Blackburn v. Sundstrand Corp.*, 115 F.3d 493 (7th Cir. 1997).

2

of action falls within the scope of an ERISA provision that the plaintiff can enforce through Section 502(a) and whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by federal law. *Speciale v. Seybold*, 147 F.3d 612, 615 (7th Cir. 1998).

In evaluating whether the claim at issue falls within the ambit of ERISA's complete preemption doctrine, the Seventh Circuit and the Illinois Supreme Court have determined repeatedly that the claims arise under state law and do not require the interpretation of the contract governed by federal law. Accordingly, such claims are not preempted. *See, e.g., Speciale v. Seybold*, 147 F.3d 612, 615 (7th Cir. 1998) (finding that personal injury claim was not a cause of action that falls within the scope of an ERISA provision and state law claim requires resolution of an interpretation of the contract governed by federal law); *Blackburn v. Sundstrand Corp.*, 115 F.3d 493, 494-95 (7th Cir. 1997) (finding that the claim that the plaintiffs should be credited with attorneys' fees in connection with their duty to reimburse arises under state law because the action did not seek a payment from the ERISA plan).

The Seventh Circuit in *Blackburn*, on facts remarkably similar to those here, refers to the ERISA preemption doctrine as "misleadingly" called "complete." 115 F.3d at 495. The *Blackburn* court, although not specifically addressing removal pursuant to 28 U.S.C. 1441(c),[2] addressed the nature of the claim and found that a claim where, as here, the plaintiffs sought to be credited with the amount of attorneys' fees where plaintiffs had a duty to reimburse the defendant pursuant to an ERISA plan was a claim arising under state law. It is important to note

---

[2] The Plan reads the *Blackburn* decision more narrowly than I do, especially in light of the Illinois Supreme Court's decision in *Bishop v. Burgard*, 198 Ill. 2d 495 (2002).

3

that in *Blackburn*, as here, the plan at issue contained an attorney's fee provision, *id.* at 495, thus rendering less effective the Plan's argument that the attorneys' fee provision brings the claim more squarely into the realm of those claims that cannot be resolved without an interpretation of the contract governed by federal law.

The Illinois Supreme Court recently echoed the holding in *Blackburn* in another case with very similar facts, and where the Plan was a party. In *Bishop v. Burgard,* the Illinois Supreme Court found that a claim under the Common Fund Doctrine is based upon the attorney's rights and wholly unrelated to the ERISA plan. Again, preemption was inappropriate.

For the foregoing reasons, plaintiff's motion to remand [4-1] is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: AUG 0 5 2002

4